**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

John Doe,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-06328-PHX-MBM

**ORDER**

Petitioner[1] has been detained by U.S. Immigration and Customs Enforcement (ICE) pending his removal. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), he petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 10.)[2] Petitioner contends that there is no significant likelihood of his removal in the reasonably foreseeable future and seeks immediate release. In a September 11, 2026, Order (Doc. 11), the Court directed Respondents to respond to the Petition and required that any response be supported by documentary evidence. The matter is fully briefed. (Docs. 14, 18.) For the following reasons, the Court will grant the Petition and order that Petitioner be immediately released from custody.

## I. Background

Petitioner was born in the Democratic Republic of the Congo (DRC) and fled that country with his family as a refugee. (Doc. 18 at 1.) His application for resettlement in the

[1] Petitioner was granted leave to proceed under a pseudonym and to file his petition under seal to protect his identity. (Doc. 9.)

[2] Counsel was later appointed on his behalf. (Doc. 19.)

United States as a refugee was granted in 2014 and he settled in the Phoenix area. (*Id.*) In 2018, he was convicted in Maricopa County Superior Court of aggravated assault and sentenced to 7½ years in prison. (*Id.* at 2.) On November 5, 2025, he was released from the Arizona Department of Corrections and taken into ICE custody. (*Id.*)

On March 18, 2026, an immigration judge denied his applications for asylum and adjustment of status, deemed his applications for withholding of removal and protection under the Convention Against Torture withdrawn without prejudice, and ordered him removed to the DRC. (Doc. 14-1 at 2-4.) The immigration judge designated no alternative country of removal. (*Id.* at 4.) Both parties waived appeal (*id.* at 5), so the removal order became final that day. *See* 8 C.F.R. §§ 1003.39, 1241.1(b).[3]

Respondents assert that ICE "has taken active steps to remove any impediments towards removing Petitioner" and that Respondents are working "to secure travel documents and complete removal." (Doc. 14 at 4.) The only exhibit Respondents submitted is the immigration judge's removal order. (Doc. 14-1.)

## II. Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas*. Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, the continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion is not unfettered and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (stating that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is

---

[3] Respondents state that Petitioner was ordered removed on May 18, 2026. (Doc. 14 at 4.) The removal order Respondents submitted, however, is dated March 18, 2026 (Doc. 14-1 at 2, 5), and Petitioner notes the discrepancy (Doc. 18 at 2 n.*). The Court relies on the date reflected in the removal order.

"presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Court finds that "removal is not reasonably foreseeable," it "should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## III. Discussion

Petitioner's continued detention is not mandatory or presumptively reasonable. Petitioner's removal order is plainly dated March 18, 2026, on both the first and last page of the order. (Doc. 14-1 at 2, 5.) Accordingly, the 90-day removal period, during which detention is mandatory, ended June 16, 2026. The "presumptively reasonable" period for continued detention ended, at the latest, on September 18, 2026.

The record before the Court shows Petitioner's continued detention beyond September 18, 2026, is unreasonable. Petitioner asserts that ICE has been unable to obtain travel documents from the DRC, the Congolese consulate has not answered emails or telephone calls from his deportation officer, and the DRC will not recognize his citizenship because of his ethnicity. (Doc. 10 at 7-8; *see also* Doc. 18 at 2-3.) The Court finds this sufficient to establish "good reason" to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.[4]

Respondents have not offered any evidence, much less sufficient evidence, to rebut this showing. The Court's service order required that any response be supported by documentary evidence, including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge. (Doc. 11 at 3.) Respondents submitted no such

[4] *Lema v. I.N.S.*, 214 F. Supp. 2d 1116, 1118 (W.D. Wash. 2002), cited by Respondents (Doc. 14 at 3), is therefore inapposite because Petitioner is not relying on the passage of time alone to establish that no substantial likelihood of removal exists in the reasonably foreseeable future.

evidence, only the removal order itself, and made vague and conclusory assertions in their response that "ICE has taken active steps to remove any impediments towards removing Petitioner" and Respondents are "work[ing] to secure travel documents." (Doc. 14 at 4.) Such general, unsupported assertions are not sufficient to establish a significant likelihood of removal in the reasonably foreseeable future. The Supreme Court in *Zadvydas* made clear that the Government's "good faith efforts" to effect removal are not alone sufficient. 533 U.S. at 702.

Moreover, the Supreme Court held in *Zadvydas* that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." 533 U.S. at 701. Petitioner has been in ICE custody for a full year (since November 5, 2025), and has been detained for more than seven months since his removal order became final. He has provided good reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future, and Respondents have failed to rebut that showing. Accordingly, the Court finds that Petitioner's continued detention is no longer authorized by § 1231(a)(6) and violates the Fifth Amendment. The Court will grant the Petition.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within two business days of Petitioner's release.

///

///

///

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 6th day of November, 2026.

Mary Bridget Minder

Honorable M. Bridget Minder
United States Magistrate Judge